STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHNNY M. BECKETT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1309** (BOR Appeal No. 2049481)
            (Claim No. 2012029316)

**ARGUS ENERGY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny M. Beckett, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Argus Energy, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2014, in which the Board affirmed a May 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 14, 2013, decision to deny a request for steroid injections of the left knee and to deny a request for a cervical MRI, a neurological consult, and twelve chiropractic visits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Beckett, a dozer operator for Argus Energy, LLC, fell on March 8, 2012, while trying to fix an electrical problem with his dozer. Mr. Beckett injured his neck, left shoulder, and left knee in the process. The exact compensable diagnoses have not been submitted into the record. Argus Energy, LLC, introduced multiple MRI images of Mr. Beckett's cervical spine and medical history prior to his compensable injury. The records submitted by Argus Energy, LLC show a small disc herniation at the C5-6 level, degenerative changes at the C3-4 and C5-6, and

1

complaints of left arm pain and numbness related to a work injury on December 30, 1993. These records include an independent medical evaluation report by Glenn Goldfarb, M.D., performed on January 23, 1996, which determined that Mr. Beckett suffered 8% whole person impairment for lack of neck motion and 10% whole person impairment for bilateral arm pain.

A report dated April 3, 2013, from Stanley Tao, M.D., indicated that Mr. Beckett was seen with complaints of left knee pain, which he related to his work injury of March 8, 2012. Dr. Tao advised that workers' compensation had not responded to his January 2013 request for a left knee injection. Mr. Beckett complained of locking, catching, and an occasional sensation of his knee "giving way." Physical examination of the left knee revealed no evidence of swelling or discoloration. There was mild crepitus of the left knee with motion and mild tenderness in the left medial joint line. Dr. Tao's assessment was osteoarthritis and left rotator cuff sprain, tear. Dr. Tao again requested a steroid injection for pain for inflammation of the left knee.

By report dated June 19, 2013, Paul Bachwitt, M.D., had performed an independent medical evaluation. Dr. Bachwitt commented that Mr. Beckett injured his neck, left shoulder, and left knee after falling off a dozer at work. X-rays of the left knee taken the day after the injury showed mild to moderate degenerative disease of the left knee. Mr. Beckett was diagnosed with left knee and left shoulder sprains. A cervical MRI performed on April 27, 2012, revealed degenerative changes most pronounced at C5-6. Dr. Bachwitt noted that he had previously evaluated Mr. Beckett on January 14, 2013, and concluded at that time that he needed additional physical therapy and had not reached his maximum degree of medical improvement. Dr. Bachwitt opined at the time that Dr. Tao's request for a new knee brace and synvisc injections were reasonable. Dr. Bachwitt later opined, however, that the degenerative changes seen in Mr. Beckett's left knee predated the compensable injury of March 8, 2012. Dr. Bachwitt found that Mr. Beckett had reached his maximum degree of medical improvement.

On June 24, 2013, Dr. Tao requested authorization for a left knee steroid injection. Then on June 30, 2013, Dr. Tao again requested authorization for steroid injections of the left knee. Dr. Tao stated that the injections were necessary for treatment for exacerbations of osteoarthritis in left knee from injury. On August 14, 2013, the claims administrator denied a request from Dr. Tao for steroid injections of the left knee. The denial was based upon Dr. Bachwitt's finding that Mr. Beckett had reached his maximum degree of medical improvement. On August 14, 2013, the claim administrator denied a request from Thompson Chiropractic for a repeat cervical MRI, a neurosurgical consult, and twelve chiropractic visits. This denial was also based upon Dr. Bachwitt's finding that Mr. Beckett had reached his maximum degree of medical improvement and required no further treatment. On December 9, 2013, Dr. Tao again requested authorization for a left knee steroid injection for pain.

On January 3, 2014, Mr. Beckett was deposed. At the time of the deposition, Mr. Beckett complained of numbness in his hands and fingers. Mr. Beckett stated that when he treats regularly with his chiropractor, Rodney Thompson, D.C., the numbness and pain in his hands improve. Mr. Beckett had treated with Dr. Thompson prior to the injury of March 8, 2012, for an old neck injury, and Dr. Thompson had previously told Mr. Beckett that he had a cervical vertebra that was leaning on a nerve. However, Mr. Beckett had not had any trouble with his

neck for about fifteen years prior to the injury of March 8, 2012. Dr. Thompson wanted Mr. Beckett to continue with chiropractic treatments, and to undergo a cervical MRI, and neurological consultation to determine future treatment needs. In regard to his left knee injury, Mr. Beckett stated that he had improvement in his left knee symptoms following a steroid injection in June of 2013.

The Office of Judges determined that left knee injections were not medically related and reasonably required to treat his compensable injuries. The Office of Judges found that Dr. Tao requested authorization for steroid injections of the left knee because of exacerbations of osteoarthritis of the left knee from injury. The Office of Judges also opined that in reviewing the evidence of record, there was no evidence that osteoarthritis or injury-related aggravation of osteoarthritis has been added as a compensable diagnosis in the claim. Furthermore, Dr. Bachwitt opined that Mr. Beckett's left knee degenerative changes pre-dated the compensable injury of March 8, 2012. Based upon the weight of the evidence of record, it found that the request for left knee steroid injections was directed at treating the non-compensable condition of left knee osteoarthritis. The Office of Judges also determined that the request for a cervical MRI, neurosurgical consult, and twelve chiropractic visits were not medically related or reasonably required to treat his compensable injuries. The Office of Judges noted that Dr. Thompson simply indicates that he is "awaiting authorization" for Mr. Beckett's next appointment. There is no other medical evidence from Dr. Thompson of record. Because Mr. Beckett failed to show that the request for a cervical MRI, neurosurgical consult, and the twelve chiropractic visits were medically related or reasonably required to treat his compensable injuries, the Office of Judges determined that they should not be covered. The Board of Review adopted the findings of the Office of Judges and affirmed is Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Beckett carries the burden of showing that his requested treatments are medically related and reasonably required to treat his compensable diagnosis. Mr. Beckett requested injections in his left knee because Dr. Tao opined he suffered exacerbations of osteoarthritis of the left knee from the injury. Because there is no evidence that osteoarthritis or injury-related aggravation of osteoarthritis has been added as a compensable diagnosis in the claim, it was proper for the Office of Judges and Board of Review to deny treatment. The authorization denial for a cervical MRI, a neurosurgical consult, and twelve chiropractic visits was also proper because Mr. Beckett did not submit sufficient evidence to show that such treatments were related to the compensable injury. Dr. Bachwitt found that he reached his maximum degree of medical improvement in regard to all of his compensable injures. As a result, the Office of Judges and Board of Review were not in error for denying all requested medical treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4